IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DAMARY PAGAN-CABRERA,**
**Plaintiff**

v.                                                         **CIVIL NO. 04-2050(DRD)**

**UNIVERSITY OF PUERTO RICO**
**IN CAROLINA,**
**Defendant**

### ORDER

      Pending before the Court is the defendant, University of Puerto Rico's (UPR) *Notice of Appearance Without Submitting to the Jurisdiction of the Court and Requesting Dismissal* (Docket No. 4) moving the Court to dismiss plaintiff's claim because process service has not been performed pursuant to the Federal Rules of Civil Procedure.  The defendant sustains that the University of Puerto Rico in Carolina is not an entity capable of suing or being sued since local law provides that it is the University of Puerto Rico the entity with such judicial capacity.  Consequently, defendant sustains that the service of process effectuated on the Chancellor of the Carolina campus is null and void and does not confer jurisdiction to the court over the proper party defendant, to wit, the University of Puerto Rico.

      Pro-Se plaintiff counters by affirming that an entry of default shall be made against the defendant for its failure to provide an answer to the complaint or otherwise plead within the twenty (20) days provided by Rule 6, Fed.R.Civ.P.  Further, plaintiff request that the UPR's motion to dismiss be dismissed and that a term of ten (10) days be provided to serve process on the President of the University of Puerto Rico who, according to defendant,  is the person authorized by local law to be served process.

      At the outset the court notes that in its appearance requesting dismissal the UPR has failed to provide which Rule is applicable.  Notwithstanding, since the crux of the UPR's averments is a challenge to the service of process, the Court shall examine the instant motion under the standard of review for a Rule 12(b)(5) motion to dismiss.  A party filing a motion under Rule 12(b)(5) is essentially contesting the manner in which process or service of process was performed.  A motion filed under this rule addresses the mode of delivery or the lack of delivery of the summons and the complaint.  5A Wright & Miller, § 1353 at 276.  The party raising the insufficiency of service has the burden of specifically pointing out to the court how the plaintiff failed to satisfy the requirements of the service provision used.  <u>Photolab Corp. v. Simplex Specialty Co.</u>, 806 F.2d 807, 810 (8th Cir. 1986).

      This rule provides the court a course of action other than simply dismissing the case when defendants' objection is raised.  5A Wright & Miller, § 1354 at 286.  Often a great number of motions filed under this rule have been treated as motions to quash service of process and as such, normally the movant requests the dismissal and the quashing in the alternative.  5A Wright & Miller,

§ 1354 at 286-87. It should be noted that the courts have broad discretion to dismiss the action or rather retain the case and quash the service made on the defendant.

It is known that the dismissal of the action under this rule is not appropriate when there is a "reasonably conceivable means" that service can be obtained and jurisdiction acquired over the defendant. Grant-Brooks v. Nationalcredit Home Equity Servs. Corp., 2002 WL 424566; (D.C.Tex 2002) Stanga v. McCormick Shipping Corp., 268 F.2d 544, 554 (5th Cir. 1959). Furthermore, if the first service is ineffective, and the defects are curable the court should treat a motion to dismiss as a motion to quash service of process in the alternative and retain the case pending effective service. Bailey v. Boilermakers Local 667 of Int'l Bhd. of Boilermakers, 480F.Supp 274 (D.C.W.Va. 1979).

Since a Rule 12(b)(5) motion contests the service or process performed, the court shall refer to the rules governing service of process. Rule 4(j)(2), Fed.R.Civ.P. governs service upon a state, municipal corporation or other governmental organization subject to suit, and therefore, this rule shall guide the court's analysis in this matter. In relevant part, Rule 4(j)(2) states that:

> Service upon upon a state, municipal corporation or other governmental organization subject to suit shall be effected by delivering copy of the summons and the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

It is known, that the University of Puerto Rico is an agency or instrumentality of the Commonwealth of Puerto Rico. Pinto v. Universidad de P.R., 895 F.2d 18 (1st Cir. 1990); Llewellyn-Waters v. University of Puerto Rico, 56 F.Supp.2d 159, 162 (D.P.R. 1999); Dogson v. University of Puerto Rico, 26 F.Supp.2d 341, 343-344 (D.P.R. 1998). Consequently, service of process upon an agency or instrumentality of Puerto Rico is governed by the Puerto Rico Rules of Civil Procedure. Notwithstanding the University of Puerto Rico is a public corporation. (*See* Purpose of the Law in History of the Law, P.R. Laws Ann. Tit. 18 §601. Rule 4.4 of the Puerto Rico Rules of Civil Procedure, P.R.LawsAnn., Tit. 32, App. III, provides that public corporations shall be served pursuant to Rule 4.4(e). Amelunxen v. University of Puerto Rico, 637 F.Supp. 426, 434 (D.P.R. 1986). In its relevant parts, Rule 4.4(e) provides that service of process upon public corporations shall be effectuated by:

> [b]y delivery of a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process.

The Court notes that in the instant case, plaintiff has served process upon the Chancellor of the Carolina Regional College which is ascribed to the system of the University of Puerto Rico. The Court agrees with the appearing defendant that the Carolina Regional College is not a proper defendant does not have the capacity to sue or be sued. Consequently, service of process shall be effectuated pursuant to Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure, P.R. Laws Ann., Tit. 32, App. III.

Therefore, the Court in its broad discretion **GRANTS in part** the University of Puerto Rico's (UPR) *Notice of Appearance Without Submitting to the Jurisdiction of the Court and Requesting Dismissal* (Docket No. 4). Consequently, the Court in its broad discretion **QUASHES** service of process upon the Chancellor of the Carolina Regional College of the University of Puerto Rico.

Furthermore, plaintiff is **ORDERED** to request the Clerk of Court for the issuance of new summons naming the proper party defendant, to wit, the University of Puerto Rico and its president Mr. Antonio Garcia-Padilla and/or any other agent designated by law. **Further, plaintiff shall request the issuance of summons within twenty (20) day of receipt of this Order and service of process shall be effectuated within thirty (30) days of the issuance of the summons. Plaintiff shall then submit a motion evidencing that service of process was effectuated as ordered by the Court. Failure to comply with the deadlines provided herein may signal to the Court plaintiff's lack of interest vindicating its claims and sanctions may be imposed which may include dismissal of the instant complaint.**[1]

Finally, the Clerk of Court is **INSTRUCTED** to notify this Order via certified mail with return receipt to plaintiff's address of record, to wit:

>  **Ms. Damary Pagan-Cabrera**
>  **Ext. Villa Rica**
>  **N-43 17th Street**
>  **Bayamon, PR 00959-5126**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 9th day of September 2005.

>  **S/DANIEL R. DOMINGUEZ**
>  **DANIEL R. DOMINGUEZ**
>  **U.S. DISTRICT JUDGE**

---

[1] The Court notes that plaintiff have structured this suit entirely on defendants in their official capacity seeking damages. Suits against officers of the University of Puerto Rico in their official capacity for damages are doomed to inescapable dismissal since they are protected under the 11th Amendment. Perez v. Rodriguez Bou, 575 F.2d 21, 25 (1st Cir. 1978); Pinto v. Universidad de Puerto Rico, *supra*, Amelunxen v. Universidad de Puerto Rico, *supra*. Plaintiff must therefore sue defendants in personal capacity if seeking damages and if prospective injunctive relief is requested, said remedy must include official capacity. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441 (1988); Mills v. Maine, 118 F.3d 37, 54 (1st Cir. 1997); Seminole Tribe v. Florida, 517 U.S. 44, 116 S.Ct. 1114 (1996).